(24 Misc. Rep. 22.)

### WESTCOTT et al. v. HIGGINS et al.

(Supreme Court, Special Term, New York County. June, 1898.)

WILLS—CONSTRUCTION.
   A will devised $10,000 to each of the children of testator's sister, and, in the event of the death of any of them before testator, said sum was to go to their issue. If any of the children died without issue, their share was to go to the survivor, and to the issue of such as had previously died; such issue taking the share of the parents. Held, that grandchildren of testator's sister were not entitled to $10,000 each, and $10,000 collectively, as next of kin of a child of said sister dying without issue.

Action by Clarence H. Westcott and others against John H. Higgins, as executor of the last will and testament of Nathaniel D. Higgins, deceased, and others, to recover as legatees under the will. Dismissed.

Henry W. Sackett and C. L. Westcott, for plaintiffs.
Lewis Cass Ledyard (Carter & Ledyard, of counsel), for defendants.

TRUAX, J. The testator, Nathaniel D. Higgins, had several brothers and sisters, some of whom died before he made his will, and some of whom were living at the time of the making of said will in 1878. These brothers and sisters had many children, some of whom were living at the time the said Nathaniel D. Higgins made his will, and some of whom had died long prior to the making of the will. Some of these children of brothers and sisters of said Higgins had died childless many years prior to the making of said will, and some of them had died prior to the making of the will, leaving children them surviving. For instance, the said Nathaniel D. Higgins had a brother named George Higgins. This George Higgins had a son who was born in 1837, and died in 1840. He also had another son who was born in 1838, and died in 1843. Another brother of the testator, Amos, had had 12 children, 4 of whom had died before the making of the will, and 3 of whom had died childless, infants, a great many years before the making of the will. Altogether, 10 children of the testator's brothers and sisters had died prior to the making of the will of the said Nathaniel D. Higgins. This will contained the following provision relating to Ellen W. Perley, a sister of the testator:

"I give and bequeath unto the children of my sister Ellen W. Perley each the sum of $10,000. In the event, however, either of said children shall die

before me, leaving issue surviving me, then and in that event I give and bequeath the sum of $10,000, which the one so dying would have taken if living, unto his or her issue. If, however, either of said children shall die before me, without leaving issue surviving me, then and in that event I give and bequeath the sum of $10,000, which the one so dying would have taken if living, unto the survivors or survivor of them, said children of my said sister Ellen W. Perley, and to the issue of such of them as shall have previously died leaving issue; such issue to take the part or share which his, her, or their parent or parents would have taken if living."

The said will also contained the same provision relating to the children of the testator's brothers Amos, Arthur, and George, and to his other sisters, Jane and Charlotte. The plaintiffs are the children of Anna Perley Westcott, who was a daughter of the said Ellen W. Perley. The said Anna Perley Westcott died on or about the 23d day of December, 1875. The said Ellen W. Perley also had another child, named Fannie, who died childless in 1871. The plaintiffs claim that they are entitled to $10,000, as the only next of kin of their deceased mother, Anna Perley Westcott, and to the additional sum of $3,333.33, as the next of kin of their deceased aunt Fannie Perley Higgins. I cannot believe that it was the intention of the testator to make a bequest for the benefit of the next of kin of nephews and nieces who had died childless 40 years before the making of his will; and yet, if the contention of the plaintiffs is sustained, such would be the result. A careful examination of the book does not aid me in determining what the testator's intention was. In fact, such an examination helps but to confuse. The legal question presented is a difficult and extraordinary one, about which judges and text writers, both in this country and England, have differed. I shall not try to reconcile the conclusions of these differing judges and text writers. It is the duty of a court to carry out the intention of the testator. I do not believe that it was his intention to give the sum of $10,000 to the next of kin of the child of George Higgins, who was born in 1837, and died in 1840. If he did not intend to give that child that sum, I do not believe that he intended to give the next of kin of plaintiffs' aunt Fannie Perley Higgins the sum of $10,000, and I do not believe that he intended to give the children of plaintiffs' mother the sum of $10,000. Complaint dismissed, with costs.

Complaint dismissed, with costs.